# Swisshelm *versus* The Swissvale Laundry Company.

A., by contract in writing, agreed to sell and convey to a corporation certain land. The latter finding the land insufficient enlarged its purchase by parol and purchased from A. additional land. The company entered into possession and erected buildings on both portions of the land. The purchase was made by S. on behalf of himself and others forming the company. At the date of purchase they had not secured a charter, but shortly afterwards one was procured. S. was made president of the company and the purchases ratified. The written contract was not sealed by a corporate seal nor by the seals of any of the parties except S., who was purchasing for himself and others but sealed only for himself. The company failed to pay the purchase-money and A. brought assumpsit therefor : *Held*, that the action would lie : *Held, further*, that it was competent for the company to accept the contract in parol.

October 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 154.

[Swisshelm *v.* Swissvale Laundry Co.]

Assumpsit by James Swisshelm against the Swissvale Laundry Company.

The following facts, together with those stated in the opinion of this court, sufficiently state the case.

On the 16th of November 1872, the plaintiff, by contract in writing of that date, agreed to sell and convey to the defendant a piece of land with the privileges described, and shortly afterwards the defendant finding the space too contracted for its purpose, enlarged its purchase by parol, and purchased from the plaintiff an additional piece adjoining the first and nearly the same size, and at same price as to the land, with a fixed valuation added for the buildings. Thereupon the defendant entered into the possession of both pieces, and erected its laundry buildings on both pieces indiscriminately. The purchase was made by S. Schoyer, on behalf of himself and others forming a laundry company. At date of purchase they had not secured a charter. Shortly afterwards the charter was procured, Schoyer made president, and the purchases ratified. The written contract was not sealed by a corporate seal, nor by the seals of the parties, except Schoyer, and he was purchasing for himself and others, but sealed only for himself. The defendant failed to pay, and this action of assumpsit was brought for the purchase-money due. Before suit brought plaintiff executed a deed and tendered it to the defendant's assignee (vendee at sheriff's sale), who declined it; and on the trial he executed a second deed to the defendant, and tendered it on the trial of the case, requesting it to be filed for delivery on payment and securing the purchase-money as provided in the contract.

By the direction of the court the jury returned the following special verdict:

"We find for the plaintiff in the sum of $2072.99, the amount due on the purchase under the written contract. We also find for the plaintiff the sum of $4324.24, the amount of the consideration upon the parol purchase declared upon subject to the opinion of the court on the question of law reserved, viz. : Whether, under the whole evidence, the plaintiff is entitled to recover either or both of these sums, and if the court shall be of opinion that the plaintiff is entitled to recover both sums, then judgment to be entered for the same; but if the court should be of opinion that the plaintiff is only entitled to recover upon the written contract, and not upon the second contract, or that the plaintiff is entitled to recover on the second contract and not on the first, in this form of action, their judgment to be entered accordingly; and if the court should be of opinion that the plaintiff is not entitled to recover anything, their judgment to be entered for the defendant *non obstante veredicto.*

The court, Collier, A. L. J., entered judgment for defendant *non obstante veredicto,* which was assigned for error by plaintiff, who took this writ.

Swisshelm *v.* Swissvale Laundry Co.]

*John Barton* and *Thomas Mellon*, for plaintiff in error.—The alleged seal was Schoyer's, not the seal of the parties he represented, as it did not profess to be such, nor the seal of the laundry company, a corporation not yet in existence. If it was the seal of Schoyer, who purchased for himself and others who did not seal, but who afterwards ratified the purchase and took possession, and thereby liable as well as Schoyer, assumpsit was the proper remedy. Besides, if objection is made, the form of action can be amended and changed to meet a technical objection on the trial, or before judgment, if need be. We think, however, no occasion existed for amending in that regard, and the court must have left it to the jury to find whether the defendant had such kind of possession, and made such improvements on, and changes in the land and buildings under the second or parol purchase as took it out of the Statute of Frauds.

*John Dalzell,* for defendant in error.—The plaintiff sues in assumpsit to recover the purchase-money claimed to be due for two separate and distinct tracts of ground sold to the defendants for one tract. The agreement of sale of one, he alleges, was in writing, under seal; the agreement for the other by parol. It will not do to say, that the seal is simply Schoyer's seal, because the plaintiff's whole action is founded upon the assertion that the written agreement is the defendant's, made by Schoyer, pursuant to an antecedent authority, and subsequently adopted and ratified. If the seal is Schoyer's, then he alone is bound, and to have admitted the paper in evidence at all was error. If an agent, pursuant to authority, execute a deed upon the face of which it appears that it is executed as the deed of the principal, it is the deed of the latter : Hefferman *v.* Adams, 7 Watts 121, and cases cited. Unless Mr. Schoyer is regarded as the Swissvale Laundry Company, the plaintiff has no case, for there is not a word of evidence connecting plaintiff and defendant through any other party.

As the action was for purchase-money, it was, in effect, a bill for specific performance, and to be governed by the same principles : Nicol *v.* Carr, 11 Casey 381. As the subject-matter was land the Statute of Frauds presented an insuperable bar to the plaintiff's recovery, unless there was something in the case to take it out of the provisions of the statute.

Mr. Justice TRUNKEY delivered the opinion of the court, October 18th 1880.

That the evidence falls far short of being sufficient to take the unwritten agreement out of the operation of the Statute of Frauds is plain. The plaintiff himself testifies that he never gave possession of the part of the land including the dwelling-house, and that he still holds it and receives the rents.

14 NORRIS—24

[Swisshelm *v.* Swissvale Laundry Co.]

The written contract was sealed by Swisshelm and S. Schoyer, Jr. Schoyer was acting for himself and others who had agreed to articles of incorporation, and were incorporated by charter bearing same date of the purchase, as the Swissvale Laundry Company; but they did not receive the charter till three days after the contract, of all which Swisshelm was advised. The company went into possession of the land and put on $12,000 or $15,000 of improvements; and the possession is still in it, or those holding its equitable title. Though Schoyer bought for the company and had authority to sign the agreement for the stockholders, whose names he communicated to Swisshelm, he actually executed it as for himself, and on its face he is the vendee and alone liable for the purchase-money. But neither plaintiff nor defendant contends that he should be treated as the vendee and held for the purchase-money; both aver that the defendant was in fact the purchaser. The defendant alleges that it was ready and willing to perform the agreement on its part had the plaintiff performed his. The chief contention is, that assumpsit will not lie.

It is clear that the defendant accepted the contract in parol, and this was competent, for the statute does not require the vendee's signature to make the agreement mutually binding: Tripp *v.* Bishop, 6 P. F. Smith 424; Smith's Appeal, 19 Id. 474. Schoyer was acting as agent under parol authority, and his seal is surplusage, being in excess of his authority: Schmertz *v.* Shreve, 12 P. F. Smith 457. Having but a parol authority, had he signed his principals' names, adding seals, assumpsit would lie against the principals: Jones *v.* Horner, 10 P. F. Smith 214. Where one accepts a deed containing an agreement on his part, but without affixing his signature and seal, he may be sued in assumpsit for a breach of it: Pratt *v.* Harding, 6 Casey 525. On the undisputed facts no one is liable in covenant but Schoyer, and the defendant may be properly sued in assumpsit. Not a tittle of evidence appears to show the defendant's authority or ratification by a sealed instrument, or that it ever adopted Schoyer's seal as its own.

It appears that before the commencement of the action, and now, the plaintiff was and is able to make good title according to his contract. Had the question been submitted whether the jury would have found that he offered such title before bringing suit we cannot say; but as the case comes, every fact which the jury would have been warranted in finding from the testimony must be taken to exist.

Under the evidence, we are of opinion that the plaintiff is entitled to recover on the written contract.

As respects the sum claimed on the unwritten contract, the judgment is affirmed; and as respects the sum found to be due on the written contract, the judgment

[Swisshelm *v.* Swissvale Laundry Co.]

is reversed, and judgment now entered on the verdict for $2072.99. Execution to be stayed till the plaintiff files a deed, in accordance with said contract of November 16th 1872, approved as sufficient by the Court of Common Pleas.